# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

LESA BARWICK, )
)
    Plaintiff, )
)
v. ) CV418-312
)
OUTBACK STEAKHOUSE OF )
FLORIDA, LLC, d/b/a Outback )
Steakhouse, *et al.*, )
)
    Defendants. )

## ORDER

Plaintiff moves to stay discovery in this case, doc. 21, pending her motion to remand, doc. 9. For the following reasons, the motion is **GRANTED**. Within 14 days of the District Judge's ruling on the pending motion to remand, the parties shall confer and file a joint status report including a proposed schedule for all further deadlines in this case

When a party seeks a stay pending resolution of a remand motion, the court takes a "preliminary peek" at the motion to assess the likelihood that it will be granted. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) ("[A] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case."). A stay makes sense when the dismissal motion likely will dispose

of the case, thus obviating discovery, *see Sams v. GA West Gate, LLC*, 2016 WL 3339764 at * 6 (S.D. Ga. June 10, 2016), or would dispose of at least some part of the case, thus narrowing it, *see United States ex rel. Jolie Johnson v. Spanish Oaks Hospice, Inc.*, No. CV415-143, doc. 47 (S.D. Ga. July 19, 2017). Based on that "preliminary peek," the remand motion appears sufficiently strong to warrant staying discovery.

This case arises from a slip-and-fall at an Outback Steakhouse in Chatham County, Georgia. Doc. 1-2 at 4. Plaintiff filed a claim against the steakhouse as well as defendant Justin Brown—a manager at the steakhouse at the time of the incident and resident of Chatham County. Doc. 1. Because Plaintiff is a resident of South Carolina, doc. 1-2 at 3, and defendant Outback Steakhouse of Florida, LLC is a resident of Delaware and Florida, doc. 11 at 2, this case would normally be removable to this Court on the basis of diversity jurisdiction. 28 U.S.C. § 1332(a)(1). However, pursuant to 28 U.S.C. § 1441(b)(2), a lawsuit which is otherwise removable may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Thus, this case is only removable if defendant Brown is not a proper party.

2

Defendant removed to this Court on the basis that Brown's joinder was fraudulent. Doc. 1. Relying to the forum-defendant rule, plaintiff argues that defendant Brown's joinder was not fraudulent, and as a result, this case should be remanded.

The doctrine of fraudulent joinder is a judicially created "exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Courts will invoke it in three situations. First, if no possibility exists that the plaintiff can prove a cause of action against the nondiverse defendant, joinder is deemed fraudulent. *Id*. (*citing Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) superseded on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993)). Second, fraudulent joinder will be found where "outright fraud" exists in the plaintiff's statement of jurisdictional facts. *Id*. Finally, fraudulent joinder exists "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* (*citing Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996) abrogated on other grounds by *Cohen v.*

3

*Office Depot*, 204 F.3d 1069 (11th Cir. 2000)). The removing party bears the burden of showing fraudulent joinder. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

The standard the Court uses to evaluate the plaintiff's claim against the allegedly fraudulently joined defendant is by necessity a "lax one." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41 (emphasis added). "In other words, '[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.'" *Stillwell*, 663 F.3d at 1333 (*citing Triggs*, 154 F.3d at 1287).

Defendant invokes the first method by which to prove fraudulent joinder. Namely, defendant argues that Georgia law does not allow a claim to be asserted against a property manager on the basis of legal or supervisory control. Doc. 11. It notes that evidence in the record indicates that defendant Brown exhibited no supervisory control over the premises.

*Id.* at 4. However, as this Court has previously noted, "there exists an inconsistency in the interpretation of O.C.G.A. § 51-3-1[1] by Georgia courts. Specifically, courts have been inconsistent as to whether legal control is necessary or whether supervisory control will suffice." *Bryant v. Kroger Company*, 2016 WL 1756916 at * 3 (S.D. Ga. May 2, 2016) (*citing Ishmael v. Gen Growth Props., Inc.*, 2014 WL 7392516 at *2 (S.D. Ga. Dec. 29, 2014) (internal citations omitted). Plaintiff, for her part, has argued that defendant Brown shared in supervisory control. Doc. 14 at 3. Given these alleged facts and circumstances, it seems possible that this Court could find a claim against defendant Brown. Thus, the "preliminary peek" indicates a likelihood that the motion to remand would be granted. On that basis, a stay is warranted.

Defendant argues, nevertheless, that even if a stay is warranted due to the pending remand, it is inappropriate here because the parties will need to engage in discovery regardless of which court has jurisdiction. Doc. 22 at 2. That may be true. However, the Court is disinclined to exercise discretion over a case's discovery—and the pendent scheduling

---

[1] Plaintiff's case appears to be proceeding pursuant to O.C.G.A. § 51-3-1, doc. 9-1 at 8, and common law misfeasance, *id.* at 9.

order and discovery disputes that may arise as a result thereof—where the Court may ultimately be the inappropriate jurisdiction. As a result, Plaintiff's motion to stay, doc. 21, is **GRANTED**. The parties are directed to meet and confer and file an amended Rule 26(f) report within fourteen days of the Court's ruling on the motion to remand if, of course, such motion is denied.

**SO ORDERED,** this  4th  day of April, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA