**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

LESA BARWICK,

    Plaintiff,

v.

OUTBACK STEAKHOUSE OF FLORIDA, LLC, d/b/a Outback Steakhouse; JUSTIN BROWN; JOHN DOES 1–3,

    Defendants.

CIVIL ACTION NO.: 4:18-cv-312

## **O R D E R**

This matter is before the Court on Plaintiff's Motion to Remand to State Court, (doc. 9). Plaintiff Lesa Barwick filed this lawsuit in state court to recover damages for injuries she suffered from a slip-and-fall at a restaurant owned by Defendant Outback Steakhouse of Florida, LLC ("Outback"). At the time of her fall, Defendant Justin Brown was employed as a manager at the restaurant. (Doc. 1-2.) After being served with the lawsuit, Defendant Outback removed the case to this Court and filed an Answer. (Docs. 1, 4.) In response, Plaintiff filed the present motion, seeking to have the case remanded back to the state court. (Doc. 9.) For the reasons explained more fully below, the Court **GRANTS** Plaintiff's motion and **REMANDS** the case to the Superior Court of Chatham County, Georgia.

### **BACKGROUND**

On or about February 4, 2017, Plaintiff visited an Outback Steakhouse restaurant located in Chatham County. (Doc. 1-2, p. 4.) According to the Complaint, at that time Defendant Outback "leased and operated" the restaurant and Defendant Brown was "a manager at [the

restaurant] and shared in the responsibilities and duties owed to [Plaintiff]." (Id. at pp. 4–5.) Plaintiff claims that, during her visit, she "slipped and fell due to a foreign substance(s), and/or an unreasonably slick or greasy floor surface[] and due to the unreasonably unsafe and hazardous condition of [the restaurant's] floor." (Id. at p. 4.) She suffered unspecified injuries requiring treatment including surgery, and as a result she incurred medical expenses. (Id. at pp. 8–9.)

On November 5, 2018, Plaintiff, who is a resident of South Carolina, filed this lawsuit against Outback, Brown, and "John Doe[s]" 1-3 in the Superior Court of Chatham County seeking damages for her injuries. (Doc. 1-2.) Defendant Outback, which is—for jurisdictional purposes—undisputedly not a Georgia resident, (doc. 9-1, p. 2), removed the case to this Court on the basis of diversity jurisdiction, (doc. 1). Plaintiff now seeks to have the case remanded to the Superior Court of Chatham County, claiming Defendant Brown is a citizen of the state of Georgia and that Outback was therefore not permitted to remove the case from a Georgia state court to this Court. (Doc. 9.) In opposition, Outback does not dispute that Brown is a Georgia citizen, but it instead claims that Plaintiff fraudulently joined Brown as a defendant in the case solely for purposes of preventing Outback from removing the action to this Court. (Doc. 11.)

**LEGAL STANDARD**

Actions initially filed in a state court may be removed to federal court in two circumstances: (1) where the claim presents a federal question or (2) where diversity jurisdiction exists. 28 U.S.C. § 1441(a-b). Federal courts, as courts of limited jurisdiction, must remand a case removed on diversity where there is not complete diversity of citizenship between the parties or where, as here, one of the named defendants is a citizen of the state in which the suit is filed. 28 U.S.C. § 1441(b). In this circuit, "there is a presumption *against* the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of

2

remand." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001) (emphasis added).

Even so, courts may retain jurisdiction and "ignore the presence of a non-diverse defendant" where the plaintiff joined that party to defeat federal diversity jurisdiction. Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011). "In such a case, the plaintiff is said to have 'fraudulently joined' the non-diverse defendant" in the action. McKenzie v. King Am. Finishing, Inc., No. 6:12-cv-065, 2012 WL 5473498, at *1 (S.D. Ga. Nov. 9, 2012) (quoting Stillwell, 663 F.3d at 1332).

> To establish fraudulent joinder, 'the removing party has the burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'

Stillwell, 663 F.3d at 1332 (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (alterations omitted)).

When ruling on a motion to remand, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Crowe, 113 F.3d at 1538. "The federal court makes these determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." Id. In making this determination, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Id. Indeed, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440–41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen,

3

Inc., 991 F.2d 1533 (11th Cir. 1993); see also Stillwell, 663 F.3d at 1333 (reversing a district court's denial of a motion to remand and holding that the district court erred in concluding the defendant was fraudulently joined because "at the very least, [it is] possible that a Georgia state court would conclude that" the plaintiff's complaint stated a cause of action against the defendant given Georgia's notice pleading standards).

The burden of establishing fraudulent joinder "is a heavy one," and such a claim must be supported by clear and convincing evidence. Id. at 1332. In addressing a fraudulent joinder claim, "this Court 'must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court.'" McKenzie, 2012 WL 5473498, at *3 (quoting Stillwell, 663 F.3d at 1334). In contrast to the federal pleading standard, Georgia simply requires notice pleading. See O.C.G.A. § 9–11–8. Thus, "it is immaterial whether a pleading states conclusions or facts as long as fair notice is given, and the statement of claim is short and plain. The true test is whether the pleading gives fair notice . . . ." Carley v. Lewis, 472 S.E.2d 109, 110–11 (Ga. Ct. App. 1996).

## DISCUSSION

In response to Plaintiff's Motion to Remand, Outback invokes the fraudulent joinder doctrine, contending that Brown's presence should be disregarded for jurisdictional purposes because Plaintiff has no actionable claim against him and Plaintiff only named him as a Defendant to thwart federal subject-matter jurisdiction. As explained above, the Court must determine whether there exists a "possibility that a state court would find that the complaint states a cause of action against" Brown. See Coker, 709 F.2d at 1440–41.

Plaintiff's Complaint alleges negligence based on the doctrine of premises liability. In Georgia, "[w]here an owner or occupier of land, by express or implied invitation, induces or

4

leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1. Thus, to owe a duty under this statute, Brown must qualify as "an owner or occupier of land." Id. "To determine whether a person was an owner or occupier subject to liability under O.C.G.A. § 51-3-1, the critical question is whether the individual exercised sufficient control over the subject premises at the time of injury to justify the imposition of liability." Poll v. Deli Mgmt., Inc., No. 1:07-cv-0959, 2007 WL 2460769, at *4 (N.D. Ga. Aug. 24, 2007) (citing Scheer v. Cliatt, 212 S.E.2d 29, 31 (Ga. Ct. App. 1975)).

Here, the Complaint alleges that Brown was a manager at the restaurant and owed responsibilities and duties to Plaintiff. (Doc. 1-2, pp. 4–5.) While Outback concedes that Brown was a manager of the restaurant at the time that Plaintiff fell, it denies Plaintiff's assertion that Brown owed responsibilities and duties to the Plaintiff and thus insists there is no basis for holding him liable. (Doc. 11, pp. 4–5.) In support of this argument, Outback provided the affidavit of Tiffany Rebstock, who states that she is "an employee of OS Management, Inc., who is familiar with the operation of the Outback Steakhouse located at 955 Market Street, Dalton, Georgia 30720," and that she has "consulted the records related to this store." (Doc. 1-3, p. 2.) She proceeds to testify that, on the date of Plaintiff's slip-and-fall, Defendant Outback was the "sole owner and operator of the subject restaurant," that no other entity or person had "any ownership interest, operational interest, or control over the restaurant," and that Defendant Brown "was a manager at the subject restaurant," and that managers such as Defendant Brown "have no ownership or controlling interest in the subject restaurant or the property on which the subject restaurant operates." (Id. at p. 3.)

Preliminarily, the Court simply cannot overlook the fact that the Outback restaurant where Plaintiff was injured is undisputedly located in Savannah, Chatham County, Georgia, (doc. 1-2, p. 4; doc. 11, p. 2), and *not* at the Dalton, Georgia, address Ms. Rebstock uses to specify the "subject restaurant" referenced throughout her affidavit. Defendant Outback has made no effort to rectify this issue with Ms. Rebstock's testimony. As a result, her testimony technically provides nothing of substance relevant to this case as it does not pertain to the at-issue restaurant.

However, even if Ms. Rebstock's affidavit testimony concerned the at-issue restaurant, it would not provide a basis for holding that Brown has been fraudulently joined. As explained below, there is at least some authority under Georgia law that permits liability for a slip-and-fall to be imposed on a manager even if he does not have any ownership or controlling interest in the property or the business.

In Ishmael v. Gen. Growth Props., this Court was presented with a fraudulent joinder argument by defendants who claimed that their co-defendant shopping mall manager (whose presence defeated diversity jurisdiction) could not be held liable under O.C.G.A. § 51-3-1 because he was not an "owner or occupier." 2014 WL 7392516, at *2 n.2. The Court described "the apparent inconsistency in the interpretation of § 51-3-1 by Georgia courts," specifically that "some Georgia cases 'have suggested that the control required for premises liability is restricted to legal control over the property in the form of an ownership or other possessory interest,'" while "[o]ther Georgia courts have recognized that liability may be established under the statute 'where the individual had supervisory control over the subject premises at the time of injury.'" Id. at *3 (quoting Poll, 2007 WL 2460769, at *4 (citing Ga. Bldg. Servs. Inc. v. Perry, 387 S.E.2d. 898, 905 (Ga. Ct. App. 1989)). The Court noted, however, that, "[c]onsistent with the

latter view, 'most courts agree that exhibiting some level of supervisory control will be sufficient to include a store manager within the § 51-3-1 definition of owner or occupier.'" Id. (quoting Ott v. Wal–Mart Stores, Inc., No. 5:09-cv-215, 2010 WL 582576, at *2 (M. D. Ga. Feb. 16, 2010) (alterations and internal quotations omitted)). After listing a number of cases where Georgia courts have interpreted the meaning of "owner or occupier" to include those with something less than a legal possessory interest, the Court determined that "[t]hese cases demonstrate that a manager may, 'under certain circumstances and with sufficient supervisory authority,' be held liable under § 51-3-1." Id. (quoting Poll, 2007 WL 2460769, at *5). The Court acknowledged the existence of limited case law holding that a manager cannot be held liable under Section 51-3-1, but explained that, in the years since those decisions were issued, "the weight of authority in federal courts of this state has shifted and now dictates a contrary result." Id. at *4 (reciting multiple orders issued by various district courts in Georgia holding that there is at least a possibility that a manager could be held liable despite not being an "owner or occupier" of the premises). As a result, the Court held that the defendants in Ishmael had "failed to carry their heavy burden of establishing fraudulent joinder as there [was] at least some possibility that [p]laintiff state[d] a cause of action against [the store manager defendant]." Id.

Defendant Outback has not provided any basis for diverting from the Court's reasoning and holding in Ishmael. For instance, Outback does not point to any Georgia appellate opinion issued since Ishmael that tends to undermine the Court's reasoning in Ishamel. Outback argues only that Ms. Rebstock's affidavit constitutes "evidence in the record showing that [Brown] has no supervisory or legal control over the restaurant." (Doc. 11, pp. 4–5.) Even if Ms. Rebstock's affidavit testimony actually concerned the at-issue restaurant, it states only that, on the date of the at-issue incident, Brown had no "ownership or controlling interest in the subject restaurant or

the property on which the subject restaurant operates" and that no person or entity other than Outback "had any ownership interest, operational interest, *or control* over the restaurant." (Doc. 1-3, p. 3 (emphasis supplied).) This indistinct testimony regarding "control" over the restaurant does not carry the day, however, since the issue of whether "an occupier of land has personal charge of or exercises the right of management or control over [a] property . . . generally is a question of fact," Westmoreland v. Williams, 665 S.E.2d 30, 32 (Ga. Ct. App. 2008), which requires the consideration of a variety of factors, Scheer, 212 S.E.2d at 30–31. Indeed, the fact that Brown was given the title of "manager" provides at least some evidence that he managed or supervised *something* at the restaurant.

While the Court acknowledges that, as described above, "some uncertainty exists as to whether a store manager . . . may be held liable as either an 'owner or occupier' under O.C.G.A. § 51-3-1, or as an agent of an 'owner or occupier' under traditional agency principles[,] [t]hat uncertainty is enough to require remand." Poll, 2007 WL 2460769, at *5. That Brown's liability might be contingent on the degree of control he exercised is not outcome determinative at this early stage in litigation because Plaintiff need "only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Thus, the Court finds that Defendant Outback has failed to carry its heavy burden of establishing fraudulent joinder as there is at least some possibility that Plaintiff states a cause of action against Brown.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff Lesa Barwick's Motion to Remand, (doc. 9), and **DIRECTS** the Clerk of Court to **REMAND** this case to the Superior

8

Court of Chatham County, Georgia.  The Court further **DIRECTS** the Clerk to **TERMINATE** all motions and deadlines and **CLOSE** this case.

    **SO ORDERED**, this 5th day of June, 2019.

                                        R. STAN BAKER
                                        UNITED STATES DISTRICT JUDGE
                                        SOUTHERN DISTRICT OF GEORGIA